[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: PLEADING (#103 AND #107)
The issue presented to this court is whether Practice Book §2-37(a)(6) ordering fee arbitration is unconstitutional as it fails allow for a jury trial.
By way of background, the respondent, attorney Ridgely Whitmore Brown, ("respondent"), failed to submit to fee arbitration as was ordered by the Statewide Grievance Committee, ("committee"). "On or about October 15, 1998, the committee voted to reprimand the respondent in Gray v. Brown, Grievance Complaint #97-0041, for violating Rules 1.4, 1.5 and 1.16 of the Rules of Professional Conduct, and pursuant to Practice Book § 2-37(a)(6) ordered the Respondent to submit the fee dispute at issue to fee arbitration within sixty days of October 16, 1998." Presentment of Attorney, ¶ 4, p. 2. Moreover, "[t]he committee further ordered in Gray v. Brown, that if for any reason the matter is not submitted to fee arbitration, the respondent shall inform the committee of the reasons in writing within sixty days of October 16, 1998." Presentment of Attorney, ¶ 7, p. 2. In disregard of the clear indications by the committee as to the proper method of challenging the order to arbitrate, the respondent attorney has waited until presentment, a period of time beyond the sixty days following October 16, 1998, to bring up the issue of his constitutional right to a jury trial. "Waiver is the in the intentional relinquishment of a known right. . . . A waiver occurs, therefore, only if there is both knowledge of the existence of the right and intent to relinquish it. . . . Waiver involves the idea of assent, and assent is an act of understanding. Intention to relinquish may appear, but acts and CT Page 13932 conduct inconsistent with intention to assert a right are sufficient." (Brackets omitted; citations omitted; internal quotation marks omitted.) Dichello v. Holgrath Corp. ,49 Conn. App. 339, 349-50, 715 A.2d 765 (1998). Here, the respondent attorney was on notice that he could challenge the order to arbitrate within sixty days. Furthermore, the respondent attorney clearly fulfills the intent prong of the waiver test because he knowingly ignored the procedure for challenging an order to arbitrate laid out by the committee. If the respondent had asserted the right to a jury trial within the proper time frame both he and the committee could have resolved the issue without court intervention, or alternately sought court intervention after the respondent properly presented his constitutional concerns to the committee.
Accordingly, this court does not consider the respondent's constitutional challenges because he waived them by not asserting them at the proper time.
So ordered.
KARAZIN, J.